**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

DEMONE RASHEE BELL, a/k/a "D",

　　　　Defendant-Appellant.

No. 11-5028

(N.D. of Okla.)

(D.C. No. 4:10-CR-00129-GFK-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Federal prisoner Demone Bell appeals his 300-month sentence for

conspiring to manufacture and distribute methamphetamine. He contests the

district court's criminal history calculation and contends the court erred in

applying a six-level enhancement for manufacturing methamphetamine so as to

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

endanger children.  After a careful review of the record, we conclude these arguments lack merit.

Therefore, exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM Bell's sentence.

## I.  Background

A federal jury convicted Bell of (1) conspiring to manufacture, possess with intent to distribute, and distribute 500 grams or more of methamphetamine, (2) possessing pseudoephedrine with intent to manufacture methamphetamine, and (3) manufacturing methamphetamine.  The presentence investigation report (PSR), which the district court adopted, set Bell's base offense level at 34.  The district court added (1) two levels because he possessed a dangerous weapon, and (2) six additional levels because the offense involved manufacturing methamphetamine in the presence of children, creating a substantial risk of harm to the life of a minor.  The PSR also listed Bell's numerous adult criminal convictions.  With a total offense level of 42 and a criminal history category of VI, Bell was subject to an advisory United States Sentencing Guideline range of 360 months' to life imprisonment.

Bell objected to the PSR and asked for a downward variance.  He argued his six-level enhancement for endangering a minor was supported only by unreliable and incomplete testimony, and further, that the criminal history calculation was incorrect.  At sentencing, the district court overruled Bell's

-2-

objections to the PSR but applied a seven-level downward variance, which reduced Bell's guideline range to 292–365 months. The court ultimately sentenced Bell to 300 months' imprisonment.

## II. Discussion

Bell challenges the procedural reasonableness of his sentence. Specifically, he contends the district court (1) improperly calculated his criminal history category, and (2) erred in applying a six-level enhancement based on testimony that he manufactured methamphetamine in the presence of children. Both arguments are unpersuasive.

First, the district court did not err in calculating Bell's criminal history category based on the facts set forth in the PSR. Because Bell did not specifically object to the district court's criminal history calculation, we review only for plain error. To establish plain error, Bell must demonstrate the district court (1) committed error, (2) the error was plain, and (3) the plain error affected his substantial rights. *United States v. Cotton*, 535 U.S. 625, 631 (2002). If these factors are met, we may exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 631–32.

Bell contends he objected to the PSR's criminal history calculation so as to require the court to make factual findings based on evidence put forth by the government. Our review of the record shows, however, that Bell's objection was

insufficiently specific to trigger a fact-finding obligation for the court. Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(A), the district court "may accept any undisputed portion of the presentence report as a finding of fact." And we have held that to invoke the district court's fact-finding obligation under Rule 32, the defendant must make "'specific allegations' of factual inaccuracy." *United States v. Rodriguez-Delma*, 456 F.3d 1246, 1253 (10th Cir. 2006). "The fact that a defendant has objected to the ultimate conclusions drawn by the PSR . . . does not necessarily imply that a 'controverted matter exists.'" *Id.* Indeed, "defendant's rebuttal evidence must demonstrate that information in PSR is materially untrue, inaccurate or unreliable." *Id.*

Given this standard, we cannot say the district court plainly erred by accepting the PSR's criminal history calculation. Bell did not object to any specific facts set forth in the PSR or even suggest the existence of any untruths or inaccuracies. Indeed, in his written objections to the PSR, Bell lodged only a pro forma objection: "Defendant objects in general to the computation of criminal history and would hold the government to its burden of proof therein." R., Vol. I at 116. Then, Bell abandoned this objection at the sentencing hearing. At the hearing, the district court noted that Bell's objection was "not delineated in the enumerated objections" and was "a one-sentence conclusory objection without any support or basis of the argument." R., Vol. III at 35. Accordingly, the court asked Bell's attorney if he had "any basis for arguing that the criminal history

-4-

was computed inappropriately." *Id.* Bell's attorney replied, "Your Honor, I do not. Rather than a throwaway, I would probably characterize it as pro forma. I don't have any specific belief that any conviction cited in the PSR is incorrect." *Id.* Then, when the court asked again if it needed to address the objection further, Bell's attorney responded, "No, Your Honor, I—no, I don't think so." *Id.* at 36. This exchange did not trigger the district court's fact-finding obligation. In short, the district court did not plainly err in accepting the PSR's calculations.

Second, Bell has not rebutted the district court's factual findings supporting his six-level enhancement for endangering a minor in connection with manufacturing methamphetamine. To warrant an enhancement under USSG § 2D1.1(b)(10)(D), the court must find that (1) the offense involved the manufacture of methamphetamine, and (2) the offense involving the manufacture of methamphetamine created a substantial risk of harm to the life of a minor child. Bell does not dispute he manufactured methamphetamine. He does argue, however, that the government proved neither that he created a substantial risk of harm nor that minor children were present. In considering this issue, we review legal questions de novo and factual findings for clear error. *United States v. Gambino-Zavala*, 539 F.3d 1221, 1227 (10th Cir. 2008).

The record belies Bell's contentions. For example, a romantic acquaintance of Bell's testified that she saw him cook methamphetamine at her house

approximately 10 to 15 times between July 2009 and November 2009, and that

her children were sometimes present when Bell cooked methamphetamine:

> [T]here was a couple of occasions where, one occasion, you know, where my children—they taped everything off and me and my kids were in the room asleep and I woke up and the house was all smokey and when I got up and realized, what it was, you know, what it was I freaked out, you know.

R., Vol. II at 365.  Bell's acquaintance told him she did not want him to cook

methamphetamine at her house because of her children, but despite that, "there

was cooks done while me and my kids were asleep . . . ." *Id.* at 366–67.  Other

witnesses confirmed that Bell repeatedly cooked methamphetamine in this

acquaintance's house, and that Bell was aware two children lived at the house.

The district court had enough evidence to infer that Bell's methamphetamine

manufacturing caused a substantial risk of harm to children.  Further, contrary to

Bell's assertion that the government failed to prove his acquaintance's children

were minors, the record contains multiple references to her custody of the

children and the potential loss of her parental rights.  Bell's acquaintance's

testimony that the children slept with her in her room provides further support for

the children's minor status.

Given significant facts supporting the inference that the acquaintance's

children were minors, we have no basis on which to overturn the district court's

factual findings, which were not clearly erroneous.

### III. Conclusion

For the reasons discussed above, we AFFIRM Bell's sentence.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge